JULIE M. CAPELL (State Bar No. 226662)
  juliecapell@dwt.com
JAIME D. WALTER (State Bar No. 281066)
  jaimewalter@dwt.com
ARIELLE J. SPINNER (State Bar No. 311147)
  ariellespinner@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
UNITED RENTALS (NORTH AMERICA), INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GENE STANDRIDGE, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED RENTALS (NORTH AMERICA), INC., a Delaware Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>(Removed from Stanislaus County Superior Court Case No. CV-22-005875)<br><br>**DEFENDANT UNITED RENTALS (NORTH AMERICA), INC.'S NOTICE OF REMOVAL AND REMOVAL**<br><br>**[CAFA JURISDICTION]**<br><br>Filed concurrently with Declarations of Steve Oddo, Cristina Madry, and Julie M. Capell; Request for Judicial Notice; Defendant's Corporate Disclosure Statement; and Civil Cover Sheet<br><br>State Action Filed: December 21, 2022 |

# TABLE OF CONTENTS

**Page**

I.    JURISDICTION ................................................................. 1

II.   PROCEDURAL BACKGROUND........................................ 1

III.  REMOVAL IS TIMELY .................................................... 3

IV.   PLAINTIFF'S COMPLAINT IS  SUBJECT TO REMOVAL UNDER CAFA............... 4

      A.    There Are Over 100 Class Members In The Proposed Class. .............................. 5

      B.    The Diversity Of Citizenship Requirement Is Satisfied.......................... 5

      C.    The Requisite $5 Million Amount In Controversy Is Satisfied. ........................... 7

            1.    The Amount In Controversy For Alleged Failure To Provide Meal And Rest Periods Exceeds $28,619,854.60 ................................................ 10

            2.    The Amount In Controversy For Alleged Failure To Pay Minimum Wage And Overtime Exceeds $8,585,956.40........................................... 14

            3.    The Amount In Controversy For Alleged Waiting Time Penalties Exceeds $4,148,364.00 ................................................ 16

            4.    The Amount In Controversy For Alleged Failure To  Provide Accurate Wage Statements Exceeds $7,720,000.00 ................................. 18

            5.    Plaintiff's Request For Attorneys' Fees Will  Exceed $12,268,543.80........................................................................ 19

            6.    Summary Of Amount In Controversy..................................................... 20

V.    THE PROCEDURAL REQUIREMENTS  OF 28 U.S.C. § 1446 ARE SATISFIED ..... 21

VI.   CONCLUSION................................................................... 22

i

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arreola v. The Finish Line,*
  2014 WL 6982571 (N.D. Cal. Dec. 9, 2014) .......................................................................... 10

*Bodner v. Oreck Direct, LLC,*
  2006 WL 2925691 (N.D. Cal. Oct. 12, 2006) .......................................................................... 4

*Caterpillar, Inc. v. Williams,*
  482 U.S. 386 (1987) ................................................................................................................ 9

*Chavez v. JPMorgan Chase & Co.,*
  888 F.3d 413 (9th Cir. 2018) ................................................................................................ 19

*Coleman v. Estes Express Lines, Inc.,*
  730 F.Supp.2d 1141 (C.D. Cal. 2010) ............................................................................. 10, 12

*Dart Cherokee Basin Operating Co., LLC v. Owens*
  574 U.S. 81 (2014) ............................................................................................................... 8, 9

*Deehan v. Amerigas Partners, L.P.,*
  No. 08cv1009 BTM (JMA), 2008 WL 4104475 (S.D. Cal. Sept. 2, 2008) ........................... 21

*Dylan Wallen v. United Rentals, Inc.,*
  et al. (Stanislaus Superior Court Case No. CV-22-000399) .................................................. 13

*Espinosa v. Cal. Coll. of San Diego, Inc.,*
  No. 17-cv-744-MMA (BLM), 2018 WL 1705955 (S.D. Cal. April 9, 2018) ....................... 20

*Falk v. Children's Hospital Los Angeles,*
  237 Cal. App. 4th 1454 (2015) .............................................................................................. 12

*Galt G/S v. JSS Scandinavia*
  142 F.3d 1150 (9th Cir. 1998) .............................................................................................. 19

*Giannini v. Nw. Mut. Life Ins. Co.,*
  No. C 12-77, 2012 WL 1535196 (N.D. Cal. April 30, 2012) ............................................... 20

*Guglielmino v. McKee Foods Corp.,*
  506 F.3d 696 (9th Cir. 2007) ..................................................................................... 8, 19, 21

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir.1998) ............................................................................................... 20

*Hertz Corp. v. Friend,*
  559 U.S. 77 (2010) ................................................................................................................. 6

*Jasso v. Money Mart Express, Inc.*,
   No. 11-CV-5500 YGR, 2012 WL 699465 (N.D. Cal. March 1, 2012) ................................. 20

*Jauregui v. Roadrunner Transp. Servs., Inc.*,
   28 F.4th 989 (9th Cir. 2022) ..................................................................................... 21

*Justin Janis v. United Rentals (North America), Inc.*
   (Kern County Superior Court Case No. BCV-19-102692-DRL) .................................. *passim*

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) ..................................................................................... 5

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ................................................................................... 5

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ...................................................................... 9

*Korn v. Polo Ralph Lauren Corp.*,
   536 F.Supp.2d 1199 (E.D. Cal. 2008) ................................................................ 9, 18

*Long v. Destination Maternity Corp.*,
   No. 15cv2836-WQH-RBB, 2016 WL 1604968 (S.D. Cal. Apr. 21, 2016) ........................... 15

*Longmire v. HMS Host USA, Inc.*,
   2012 WL 5928485 (S.D. Cal. Nov. 26, 2012) ........................................................ 19

*Lucas v. Michael Kors (USA), Inc.*,
   No. CV 18-1608-MWF, 2018 WL 2146403 (C.D. Cal. May 9, 2018)................................. 15

*Marlo v. United Parcel Serv.*,
   No. CV 03-04336 DDP, 2009 WL 1258491 (C.D. Cal. May 5, 2009) ............................... 11

*Marquez v. Toll Glob. Forwarding (USA) Inc.*,
   No. 2:18-CV-03054-ODW ASX, 2018 WL 3046965 (C.D. Cal. June 19, 2018) ................. 13

*McCraw v. Lyons*,
   863 F. Supp. 430 (W.D. Ky. 1994) ........................................................................... 9

*Muniz v. Pilot Travel Ctr. LLC*,
   No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504 (E.D. Cal. May 1, 2007)............. 9, 11, 12

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999).................................................................................................. 3

*Murphy v. Kenneth Cole Prods., Inc.*,
   40 Cal.4th 1094 (2007) ............................................................................................. 11

*Newcombe v. Adolf Coors Co.*,
   157 F.3d 686 (9th Cir. 1998) .................................................................................... 7

iii

UNITED RENTALS (NORTH AMERICA), INC.'S
NOTICE OF REMOVAL
4858-1727-4440v.7 0110505-000032

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Oda v. Gucci Am., Inc.*,
  No. 2:14-cv-07469-SVW, 2015 WL 93335 (C.D. Cal. Jan. 7, 2015)....................................13

*Reyes v. Carehouse Healthcare Ctr., LLC*,
  No. SACV 16-01159-CJC(MRWx), 2017 WL 2869499 (C.D. Cal. July 5, 2017) ...............16

*Rodriguez v. AT&T Mobility Servs. LLC*,
  728 F.3d 975 (9th Cir. 2013) ...................................................................8

*Salveson v. W. States Bankcard Ass'n*,
  731 F.2d 1423 (9th Cir. 1984) .................................................................3

*Serrano v. 180 Connect, Inc.*,
  478 F.3d 1018 (9th Cir. 2007) .................................................................5

*Soliman v. Philip Morris, Inc.*,
  311 F.3d 966 (9th Cir. 2002) ...................................................................7

*Soratorio v. Tesoro Ref. and Mktg. Co., LLC*,
  2017 WL 1520416 (C.D. Cal. Apr. 26, 2017) .......................................................9

*Soto v. Greif Packaging*,
  LLC, No. SACV 17-2104 ..........................................................................15

*Stafford v. Dollar Tree Stores, Inc.*,
  No. 2:13-cv-01187-KJM-CKD, 2014 WL 1330675 (E.D. Cal. Mar. 28, 2014)...................13

*Stevenson v. Dollar Tree Stores, Inc.*,
  No. CIV S-11-1433 KJM, 2011 WL 4928753 (E.D. Cal. Oct. 17, 2011) ...........................13

*Valdez v. Allstate Ins. Co.*,
  372 F.3d 1115 (9th Cir. 2004) .................................................................9

*Velazquez v. Int'l Marine & Indus. Applicators, LLC*,
  No. 16-cv-494-MMA (NLS), 2018 WL 828199 (S.D. Cal. Feb. 9, 2018) ...........................20

**Statutes**

28 U.S.C.
  § 1332(a) .......................................................................................7
  § 1332(c) .......................................................................................6
  § 1332(c)(1) ....................................................................................7
  § 1332(d)...................................................................................1, 8, 21
  § 1332(d)(1)(B) .................................................................................4
  § 1332(d)(2) ...............................................................................1, 4, 7
  § 1332(d)(2)(A)..................................................................................5
  § 1332(d)(5) ....................................................................................1
  § 1332(d)(5)(B).................................................................................4
  § 1332(d)(6) ................................................................................1, 7
  § 1391 .........................................................................................21

iv

UNITED RENTALS (NORTH AMERICA), INC.'S
NOTICE OF REMOVAL
4858-1727-4440v.7 0110505-000032

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

§ 1441(a) .................................................................................................................... 1, 21
§ 1441(b)(1) ............................................................................................................... 3, 7
§ 1446 ..................................................................................................................... 1, 4, 21
§ 1446(a) ................................................................................................................... 21, 22
§ 1446(b) .......................................................................................................................... 3
§ 1446(b)(1) ...................................................................................................................... 3
§ 1446(d) ........................................................................................................................ 22
§ 1453 ............................................................................................................................... 1
§ 1453(a) .......................................................................................................................... 4

California Business and Professions Code
§ 17200 .......................................................................................................................... 12
§§ 17200 *et seq.* ....................................................................................................... 2, 12

California Code of Civil Procedure
§ 338(a) .......................................................................................................................... 16
§ 340(a) .......................................................................................................................... 18
§ 382 ........................................................................................................................... 2, 4

California Labor Code
§ 201 ................................................................................................................................. 2
§ 202 ................................................................................................................................. 2
§ 203 ........................................................................................................................... 16, 17
§ 204 ........................................................................................................................... 2, 21
§ 226 ............................................................................................................................... 18
§ 226(a) ..................................................................................................................... 2, 18
§ 226(e) .......................................................................................................................... 18
§ 226.7 ....................................................................................................................... 2, 11
§ 510 ................................................................................................................................. 2
§ 512(a) ............................................................................................................................ 2
§ 1194 ............................................................................................................................... 2
§ 1194(a) ........................................................................................................................ 15
§ 1197 ............................................................................................................................... 2
§ 1198 ............................................................................................................................... 2
§ 2800 ............................................................................................................................... 2
§ 2802 ............................................................................................................................... 2

**Rules**

Federal Rules of Civil Procedure
Rule 7.1 .......................................................................................................................... 22
Rule 23 ............................................................................................................................. 4

**Other Authorities**

Senate Judiciary Committee Report,
S. Rep. No. 109-14 (2005) .............................................................................................. 8

v

UNITED RENTALS (NORTH AMERICA), INC.'S
NOTICE OF REMOVAL
4858-1727-4440v.7 0110505-000032

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant United Rentals (North America), Inc. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Stanislaus to the United States District Court for the Eastern District of California under the Class Action Fairness Act ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, on the following grounds:

## I.   JURISDICTION

1.     Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."  (28 U.S.C. § 1441(a).)

2.     Under CAFA, this Court has original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million (exclusive of costs and interest).  (28 U.S.C. §§ 1332(d)(2), (d)(5), and (d)(6).)  CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As set forth herein, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   PROCEDURAL BACKGROUND

3.     On December 21, 2022, Plaintiff Larry Gene Standridge ("Plaintiff") filed the above-captioned putative class action against Defendant in the Superior Court of the State of California for the County of Stanislaus, entitled "LARRY GENE STANDRIDGE, individually and on behalf of himself and all others similarly situated, vs. UNITED RENTALS (NORTH AMERICA), INC., a Delaware corporation, and DOES 1 through 50, inclusive," Case No. CV-22-005875 (the "State Action").  A true and correct copy of the Complaint in the State

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Action is attached hereto as **Exhibit A**."  [Declaration of Julie M. Capell ("Capell
2  Decl.") ¶ 2.]

3      4.    On behalf of himself and others, Plaintiff alleges the following causes
4  of action against Defendant: (1) Violation of California Labor Code §§ 1194, 1197,
5  and 1197.1 (Failure to Pay Minimum Wage); (2) Violation of California Labor Code
6  §§ 510 and 1198 (Failure to Pay Overtime); (3) Violation of California Labor Code
7  §§ 226.7 and 512(a) (Failure to Provide Lawful Meal Periods); (4) Violation of
8  California Labor Code § 226.7 (Failure to Authorize and Permit Rest Periods);
9  (5) Violation of California Labor Code § 204 (Failure to Timely Pay Wages During
10 Employment); (6) Violation of California Labor Code §§ 201 and 202 (Failure to
11 Timely Pay Wages Owed Upon Separation from Employment); (7) Violation of
12 California Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary
13 Expenses); (8) Violation of California Labor Code §§ 1194, 1197, and 1198 (Failure
14 to Pay Reporting Time Wages); (9) Violation of California Labor Code § 226(a)
15 (Knowing and Intentional Failure to Comply with Itemized Wage Statement
16 Provisions); and (10) Violation of California Business and Professions Code §§
17 17200 *et seq.* (Unfair Competition).  (*See generally* Ex. A.)  Plaintiff has styled this
18 action as a class action pursuant to California Code of Civil Procedure § 382 (*Id.*
19 ¶ 5) and seeks to represent a class of "all persons who are or were employed by
20 Defendants [*sic*] as hourly paid, non-exempt workers in the State of California at
21 any time from four years prior to the filing of this action through resolution or trial
22 of the matter." (*Id.* at ¶ 46.)

23     5.    Plaintiff defines the relevant time period of the lawsuit as four years
24 prior to the filing of the Complaint "through resolution or trial of the matter."  (*See*
25 Ex. A ¶ 1.)  According to Plaintiff's definition as stated in the Complaint, the
26 relevant time period would begin on December 21, 2018.  However, in light of
27 Defendant's class action settlement in the matter of *Justin Janis v. United Rentals*
28 *(North America), Inc.* (Kern County Superior Court Case No. BCV-19-102692-

UNITED RENTALS (NORTH AMERICA), INC.'S
NOTICE OF REMOVAL
4858-1727-4440v.7 0110505-000032

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DRL), the relevant time period for Plaintiff's instant lawsuit may begin no earlier than April 21, 2020.  (*See* Request for Judicial Notice; Capell Decl. ¶ 8, "**Exhibit G**" (Order Granting Preliminary Approval of Class Action Settlement in *Janis*).)

6.     Applying Plaintiff's definition of the relevant time period and the settlement in *Janis v. United Rentals (North America), Inc.*, Defendant meets the threshold for removal, as explained in more detail below.

7.     On January 27, 2023, Defendant filed its Answer to Plaintiff's Complaint, a true and correct copy of which is attached hereto as "**Exhibit F**." (Capell Decl. ¶ 7.)

### III.    REMOVAL IS TIMELY

8.     Notice of removal is timely if it is filed within thirty (30) days after service of the complaint or summons.  "The notice of removal … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant …."  (28 U.S.C. §1446(b)(1).)

9.     On January 4, 2023, Plaintiff personally served Defendant's agent for service of process with the following documents: Complaint; Notice of Case Management Conference; Civil Case Cover Sheet; and Summons.  (*See* Capell Decl. ¶ 5, Ex. D.)  This Notice of Removal is therefore timely because it is filed within thirty (30) days from completion of service.  (*See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999).)

10.     Does 1 through 50 represent the other defendants in this action. Because these Doe Defendants are fictitious (*see* Ex. A at ¶ 18) and because they have not yet been served, their consent to join in removal is not required.  (*See* 28 U.S.C. § 1441(b)(1) ("For purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded."); *Salveson v. W.*

UNITED RENTALS (NORTH AMERICA), INC.'S NOTICE OF REMOVAL
4858-1727-4440v.7 0110505-000032
3
**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*States Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (defendants named in the state court action but not yet served need not be joined in the removal).)

## IV.   PLAINTIFF'S COMPLAINT IS
## SUBJECT TO REMOVAL UNDER CAFA

11.   CAFA applies to certain "class actions," which the statute defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute."  (28 U.S.C. § 1332(d)(1)(B).)  Plaintiff expressly brings this "class action" "pursuant to California Code of Civ. Proc. section 382."  (Ex. A, ¶ 5.)  Thus, CAFA applies.  (*See Bodner v. Oreck Direct, LLC*, 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where "Plaintiff's complaint alleges that the action is a class action, and recites the prerequisites to a class action under . . . California Code of Civil Procedure Section 382").)

12.   Under CAFA, a federal district court has jurisdiction over an action if:

    a)    There are at least 100 class members in all proposed plaintiff classes;

    b)    Any class member (named or not) is a citizen of a different state than any defendant; and

    c)    The combined claims of all class members exceed $5 million exclusive of interest and costs.  (28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and 1453(a).)

CAFA authorizes removal of qualifying actions in accordance with 28 U.S.C. § 1446.  This case meets each of the CAFA requirements for removal because, as is set forth more particularly below: (a) the proposed class contains at least 100 members; (b) there is diversity of citizenship between at least one class member and the only named defendant; and (c) the total amount in controversy exceeds $5,000,000.

## A.   There Are Over 100 Class Members In The Proposed Class.

13.   Here, Plaintiff purports to bring this action on behalf of "all persons who are or were employed by the Defendants [*sic*] as hourly paid, non-exempt workers in the State of California at any time from four years prior to the filing of this action through resolution or trial of the matter." (*See* Ex. A at ¶ 46.)

14.   Plaintiff further alleges that "[t]he members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical" and that although "[t]he membership of the entire Class and Subclasses is unknown to Plaintiff at this time. . . the Class is estimated to be hundreds of individuals.  Accounting for employee turnover during the relevant periods necessarily increases this number substantially." (*Id.* at ¶ 49, emphasis added.)

15.   Based upon Defendant's payroll records and HRIS data, the putative class consists of approximately 2,232 current and former non-exempt California employees just from November 23, 2020 until January 24, 2023.  [Declaration of Steve Oddo ("Oddo Decl."), ¶ 3.]  Thus, the numerosity requirement under CAFA has been met.

## B.   The Diversity Of Citizenship Requirement Is Satisfied.

16.   "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." (*Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).) Minimal diversity exists if any class member is a citizen of a state different from any defendant.  (*See* 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant").)

17.   **Plaintiff Is A Citizen of California**.  A person is a "citizen" of the state in which he is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).)  A person's domicile is the place he resides with the intention to remain or to which he intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).)

18.    In the Complaint, Plaintiff establishes his domicile in California by alleging that he "is and during the liability period has been, a resident of California." (Ex. A at ¶ 14.)  Further, California-domiciled "Plaintiff was employed in an hourly, non-exempt position by Defendants [sic] during the relevant time period." (*Id.* at ¶ 15.)  These allegations are consistent with Plaintiff's personnel and payroll records, which show Plaintiff worked for Defendant in Turlock, California and provided Defendant a California address in Turlock for purposes of processing his payroll and as part of his contact information.  (Oddo Decl., ¶ 8.)

19.    Therefore, Plaintiff is a citizen of California.  Further, Plaintiff seeks to represent a class consisting of all similarly situated individuals who worked in California.  (Ex. A, ¶ 46.)  This putative class includes other California citizens as well.  (*Id.*)

20.    **Defendant Is Not A Citizen of California**.  Defendant is headquartered in the State of Connecticut and incorporated in the State of Delaware. [Declaration of Cristina Madry ("Madry Decl."), ¶¶ 4-5.]

21.    Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.  The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction.  (*Hertz Corp. v. Friend*, 559 U.S. 77 (2010).)  The Court held that the "'principal place of business' [as set forth in § 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." (*Id.* at 92-93.)  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination." (*Id.* at 93.)

22.    At the time of the filing of the Complaint, Defendant was and still is a corporation organized under the laws of the State of Delaware.  (Madry Decl., ¶ 4.)

6

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

23.     Defendant maintains its corporate headquarters in Stamford, Connecticut.  Defendant's executive officers, senior management, and many other employees work, direct, control and coordinate Defendant's operations from the corporate headquarters.  (Madry Decl., ¶ 5.)

24.     Accordingly, for purposes of jurisdiction under 28 U.S.C. § 1332(a), Defendant is a citizen of the State of Connecticut and a citizen of the State of Delaware.  *See* 28 U.S.C. § 1332(c)(1).

25.     Complete diversity between the parties exists here because this action involves citizens of different states—Plaintiff, who is a citizen of California (and seeks to represent a class including California citizens), and Defendant, which is a citizen of Connecticut and Delaware.

26.     **The Citizenship Of "Doe Defendants" Must Be Disregarded**.  The citizenship of the fictitious "DOES 1 through 50" defendants is disregarded for purposes of removal.  (*See* 28 U.S.C. § 1441(b)(1); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) ("[C]itizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.").)  Therefore, the requisite minimal diversity exists between the parties.

**C.     The Requisite $5 Million Amount In Controversy Is Satisfied.**

27.     CAFA provides that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  (28 U.S.C. § 1332(d)(2).)  Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  (28 U.S.C. § 1332(d)(6).)

7

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

28.     Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." (Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005) reprinted in 2005 U.S.C.C.A.N. 3, 40.)

29.     The Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction:

> "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case …. Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant"). (*Id*. at 42-43.)

30.     Where, as here, a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. (*See Dart Cherokee Basin Operating Co., LLC v. Owens* 574 U.S. 81, 88 (2014) "[R]emoval . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold"); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) (holding that "the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard"); *accord Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) ("the complaint fails to allege a sufficiently specific total amount in controversy … we therefore apply the preponderance of the evidence burden of proof to the removing defendant").)

31.   To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." (*Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89.)

32.   The burden of establishing the jurisdictional threshold "is not 'daunting,' as courts recognize that under this standard, a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" (*See Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204-05 (E.D. Cal. 2008) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").)

33.   In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for Plaintiff on all claims made in the complaint.  (*See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).)

34.   If a plaintiff asserts statutory violations, the court should assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.  Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.  She did not.

(*See Muniz v. Pilot Travel Ctr. LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Soratorio v. Tesoro Ref. and Mktg. Co., LLC*, 2017 WL 1520416, at *3 (C.D. Cal. Apr. 26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute

meal period for every five hours worked' and that this was Defendants' 'common practice.'")(citation omitted); *Arreola v. The Finish Line*, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy – such as assuming a 100 percent violation rate…"); *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").)

35.     Based on the allegations in the Complaint, the alleged aggregate amount in controversy exceeds $5,000,000, as demonstrated below.

**1.     The Amount In Controversy For Alleged Failure To Provide Meal And Rest Periods Exceeds $28,619,854.60**

36.     In the Complaint, Plaintiff claims that Defendant "frequently failed to provide Plaintiff and the Class Members timely, legally complaint [sic] uninterrupted 30-minute meal periods as required by law" and "[n]ot only were Plaintiff's and the Class Members' first meal breaks frequently not provided, untimely or short, but also Plaintiff and the Class Members were not provided a second meal period when working shifts in excess of 10 hours and in excess of 12 hours."  (Ex. A at ¶ 30.)

37.     Further, the Complaint alleges that Defendant "failed to compensate Plaintiff, and on information and belief, failed to compensate Class Members, one additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner."  (*Id.* at ¶ 32.)

38.     Plaintiff brings analogous claims for missed rest periods.  The Complaint asserts: "In addition, during the relevant time frame, Plaintiff and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order."  (*Id.* at ¶ 34.)

39.    Plaintiff further alleges that Defendant "maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof.  Such requisite rest periods were not timely authorized and permitted."  (*Id.* at ¶ 35.)

40.    Plaintiff further alleges that "[d]espite the above-mentioned rest period violations, Defendants [sic] did not compensate Plaintiff, and…did not pay Class Members one additional hour of pay at their regular rate as required by California law…for each day on which lawful rest periods were not authorized and permitted." (*Id.* at ¶ 36.)

41.    Plaintiff and the putative class members worked, on average, five workdays per week.  (Oddo Decl., ¶ 7.)  In the Complaint, Plaintiff alleges that he "worked as a welder for Defendants [sic] approximately 5 days per week, 40+ hours per week."  (Ex. A at ¶ 23.)

42.    Under California law, employees who are denied the opportunity to take proper meal and rest periods are entitled to one hour of premium pay for each day that a meal period is missed and one hour of premium pay for each day that a rest period is missed, *i.e.*, two hours of premium pay for each day that both a meal and rest period are missed.  (*See Marlo v. United Parcel Serv.*, No. CV 03-04336 DDP (RZx), 2009 WL 1258491, at *7 (C.D. Cal. May 5, 2009).)  As a matter of law, meal and rest period claims are properly considered in determining the amount in controversy.  (*See, e.g., Muniz,* 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007).)

43.    The statute of limitations for recovery of premium pay under California Labor Code § 226.7 is three years.  (*See Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations…").)  The statute of limitations is extended to four years when, as here, a plaintiff also pursues an action for restitution under the California Business and

Professions Code §§ 17200, *et seq.* [*See Falk v. Children's Hospital Los Angeles*, 237 Cal. App. 4th 1454, 1462, n.12 (2015) (holding that "actions for restitution under Business and Professions Code section 17200 are subject to a four-year statute of limitation"; *see also* Ex. A at ¶¶ 130-136 and Prayer for Relief.)][1]

44.     Defendant denies that it failed to provide meal or rest breaks to the putative class members.  In calculating the amount in controversy, however, where Plaintiff alleges a policy, pattern, or practice requiring missed breaks, it is reasonable to assign a 100% violation rate.  (*See, e.g.*, *Muniz*, 2007 WL 1302504, at *4 ("Allegedly, plaintiff and class members…were 'not always provided lawful meal [or rest] periods' . . . .  As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a…violation rate that is discernibly smaller than 100%, used by defendant in its calculations.") (internal citations omitted); *Coleman v. Estes Express Lines, Inc.* 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) (finding 100% violation rate reasonable where plaintiff alleged class members were required to work without rest breaks, and "complaint does not allege a more precise calculation"), *aff'd* 631 F.3d 1010 (9th Cir. 2011).)

45.     Although Defendant could apply a 100% violation rate and the broader relevant time period as Plaintiff has defined it in his Complaint, Defendant will instead apply the even narrower time frame of November 23, 2020 to January 24, 2023,[2] and a conservative violation rate of only 50% for meal periods and 50% for

_____

[1] Defendant denies any violation of Business and Profession Code § 17200 and denies application of a four-year limitations period, especially given Defendant's class action settlement in the matter of *Justin Janis v. United Rentals (North America), Inc.*, which shortens the relevant time period for Plaintiff's instant lawsuit to April 21, 2020, through the conclusion of this case.  (Capell Decl. ¶ 8, Ex. G.)
[2] Although Defendant could apply the broader relevant time period as defined in the Complaint (December 21, 2019 through this matter's resolution), or the narrower time period as dictated by the *Janis* class action settlement (April 21, 2020 through this matter's resolution), Defendant applies in this Notice the even narrower time frame of November 23, 2020 to January 24, 2023.  This time frame represents the PAGA period in *Dylan Wallen v. United Rentals, Inc.*, et al. (Stanislaus Superior Court Case No. CV-22-000399), in which Defendant has already filed a Notice of Related Case, and for which Defendant had already pulled time and payroll records and had the information ready and accessible.  This time frame is seven months

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

rest periods — *i.e.*, 2.5 missed meal periods and 2.5 missed rest breaks per five-day workweek.  Numerous courts have held that this conservative estimate is proper. (*See, e.g., Marquez v. Toll Glob. Forwarding (USA) Inc.*, No. 2:18-CV-03054-ODW ASX, 2018 WL 3046965, at *3 (C.D. Cal. June 19, 2018) ("The Court finds a 50% violation rate to be reasonable."); *Stevenson v. Dollar Tree Stores, Inc.*, No. CIV S-11-1433 KJM, 2011 WL 4928753, at *4 (E.D. Cal. Oct. 17, 2011) (same); *Stafford v. Dollar Tree Stores, Inc.*, No. 2:13-cv-01187-KJM-CKD, 2014 WL 1330675, at *8 (E.D. Cal. Mar. 28, 2014) (50% violation rate for meal/rest claims reasonable where Plaintiff alleged "illegal policy and/or practice"); *Oda v. Gucci Am., Inc.*, No. 2:14-cv-07469-SVW (JPRx), 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) ("Plaintiffs' complaint asserts that Gucci 'maintained a policy or practice of not paying [meal/rest premiums],' . . . that 'the class members sometimes did not receive all of their meal periods,' [and that] 'not all rest periods were given timely...' [thus] assumption of a 50 percent violation rate for each type of violation is reasonable") (internal citations omitted).)

46.     Taking the more conservative estimate by assuming that the putative class members did not receive 2.5 compliant meal periods each workweek, the amount placed in controversy by virtue of the meal period claim is no less than **$14,309,927.30**: $28.57 [average of most recent non-exempt hourly rates of non-exempt California employees who were employed by Defendant between November 23, 2020 and January 24, 2023] x 200,349[3] [approximate number of workweeks worked by non-exempt California employees who were employed by

---

shorter than the time period as dictated by the *Janis* settlement, yet even when applying the most narrow time frame, Defendant still surpasses all CAFA thresholds, as explained throughout this Notice.

[3] Defendant estimates the total number of workweeks during this time frame by multiplying 113 (the number of workweeks between November 23, 2020 and January 24, 2023) by 1,773 (the average number of active non-exempt California employees during the *Wallen* PAGA Period).  (*See* Oddo Decl., ¶ 4.)

UNITED RENTALS (NORTH AMERICA), INC.'S
NOTICE OF REMOVAL
4858-1727-4440v.7 0110505-000032

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendant between November 23, 2020 and January 24, 2023] x 2.5 [violations per workweek].  (*See* Oddo Decl., ¶¶ 3-5.)

47.    Similarly, taking the more conservative estimate by assuming that the putative class members did not receive 2.5 compliant rest periods each workweek, the amount placed in controversy by virtue of the rest period claim is no less than **$14,309,927.30**: $28.57 [average of most recent non-exempt hourly rates of non-exempt California employees who were employed by Defendant between November 23, 2020 and January 24, 2023] x 200,349 [approximate number of workweeks worked by non-exempt California employees who were employed by Defendant between November 23, 2020 and January 24, 2023] x 2.5 [violations per workweek].  (*See* Oddo Decl., ¶¶ 3-5.)

### 2.    The Amount In Controversy For Alleged Failure To Pay Minimum Wage And Overtime Exceeds $8,585,956.40

48.    Plaintiff alleges that he and the Class Members were "all subject to Defendants' [sic] uniform policies and systemic practices."  (Ex. A at ¶ 25.) Plaintiff claims that among such practices was "consistent" failure to be paid for all hours worked because employees were "frequently" required to work off the cloc. (*Id.* at ¶ 59.):

> "Plaintiff and the Class Members would often have to use their personal cell phone[s] off the clock to perform work-related duties.  In addition, Plaintiff and the Class Members worked in excess of eight (8) hours in a day and/or over forty (40) hours in a workweek, but were not properly paid for such time at a rate of time and one-half the employee's regular rate of pay per hour."  (*Id.* at ¶¶ 26-27, 65, 69.)

Plaintiff alleges that this occurred "consistently," as the result of a "uniform policy" of Defendant.  (*Id.* at ¶¶ 67, 69.)

49.    Plaintiff also claims that Defendant "failed to properly compensate Plaintiff and the Class Members for hours worked in excess of twelve (12) hours in

14

UNITED RENTALS (NORTH AMERICA), INC.'S
NOTICE OF REMOVAL
4858-1727-4440v.7 0110505-000032

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

one (1) day, or eight (8) hours on the seventh (7th) day of a workweek," for which employees must be paid <u>double</u> their regular rate of pay.  (*Id.*)

50.    California Labor Code § 1194(a) provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation . . . ."

51.    Defendant denies that it failed to pay any minimum or overtime wages to the putative class members.  However, because Plaintiff alleges that Defendant failed to pay minimum and overtime wages as a "uniform" policy and "systemic" practice, the Court should apply to the amount in controversy requirement a conservative assumption of one hour of unpaid overtime wages during each workweek.  (*See, e.g.*, *Lucas v. Michael Kors (USA), Inc.*, No. CV 18-1608-MWF (MRWx), 2018 WL 2146403, at *5, 6 (C.D. Cal. May 9, 2018) ("one hour of unpaid minimum wages and one hour of overtime wages per week" is a reasonable estimate where Plaintiff alleged unpaid wages from "unlawful conduct, including but not limited to improperly rounding time worked," because Plaintiff "crafted her Complaint in such a way that her wage claims are not solely limited to a rounding theory"); *Soto v. Greif Packaging*, LLC, No. SACV 17-2104 JVS(JDEx), 2018 WL 1224425, at *3 (C.D. Cal. Mar. 8, 2018) (reasonable to assume one hour of unpaid wages per employee per workweek for allegation of failure to pay for all hours worked); *Long v. Destination Maternity Corp.,* No. 15cv2836-WQH-RBB, 2016 WL 1604968, at *7 (S.D. Cal. Apr. 21, 2016) ("Defendant estimates one hour of unpaid overtime per putative class member per week.  Defendant's estimates are reasonable based on the allegations that Defendant engaged in a uniform policy of failing to pay overtime wages and that Defendant 'willfully failed to pay all overtime wages due to Plaintiff and…class members'"); *Reyes v. Carehouse Healthcare Ctr., LLC*, No. SACV 16-01159-CJC(MRWx), 2017 WL 2869499, at

UNITED RENTALS (NORTH AMERICA), INC.'S
NOTICE OF REMOVAL
4858-1727-4440v.7 0110505-000032

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*3 (C.D. Cal. July 5, 2017) (finding defendant's estimate of one hour of unpaid overtime wages per workweek was reasonable where plaintiff alleged that defendants engaged in a "practice of willfully, unfairly and unlawfully" depriving plaintiff and the class members of compensation).)

52.     Although Defendant could apply the broader relevant time period as Plaintiff has defined it in his Complaint, Defendant will again apply the narrowest time frame of November 23, 2020 to January 24, 2023.  Additionally, while Plaintiff also claims that Defendant failed to pay overtime wages for hours worked in excess of 12 hours in one day—which would entitle putative class members to double their regular rate of pay—Defendant will only apply the more conservative overtime rate of one and one-half times employees' regular rate of pay.

53.     Even applying these very conservative estimates, the amount placed in controversy for unpaid overtime wages is no less than **$8,585,956.40**: $28.57 [average of most recent non-exempt hourly rates of non-exempt California employees who were employed by Defendant between November 23, 2020 and January 24, 2023] x 200,349 [approximate number of workweeks worked by non-exempt California employees who were employed by Defendant between November 23, 2020 and January 24, 2023] x 1.5 [pay factor for overtime] x 1 [one hour per workweek].  (*See* Oddo Decl., ¶¶ 3-5.)  This does not include the amount in controversy on Plaintiff's claim for alleged minimum wages due.

### 3.     The Amount In Controversy For Alleged Waiting Time Penalties Exceeds $4,148,364.00

54.     Plaintiff and the putative class seek waiting time penalties pursuant to Labor Code § 203.  (Ex. A at ¶¶ 103-105.)

55.     The statute of limitations for penalties under California Labor Code § 203 is three years.  (*See* Cal. Civ. Proc. Code § 338(a).)  As explained above, although Defendant could apply the broader relevant time period as Plaintiff has defined it in his Complaint (December 21, 2019 through this matter's resolution), or

the narrower time period as dictated by the *Janis* class action settlement (April 21, 2020 through this matter's resolution), Defendant will apply the even narrower time frame of November 23, 2020 to January 24, 2023.

56. The total number of putative class members who stopped working for Defendant between November 23, 2020 and January 24, 2023 (excluding those who returned and again stopped working for Defendant during this same time period) is 605. (*See* Oddo Decl., ¶ 3.)

57. Defendant denies that it failed to pay all wages due at the end of any employee's employment. Based on the allegations of the Complaint, however, any putative class member who stopped working for Defendant during the time period is entitled to 30 days' continuation of wages as a penalty under California Labor Code § 203.

58. Plaintiff claims that during the relevant time period, "Plaintiff and the Class Members worked *in excess of* eight (8) hours in day and/or over forty (40) hours in a workweek, but were not properly paid for such time at a rate of time and one-half the employee's regular rate of pay per hour." (Ex. A at ¶¶ 26-27, 65, 69, emphasis added.) Accordingly, Defendant should properly apply an *over* eight-hour shift length or *over* 40 hours per workweek to the waiting time penalty claim based on the allegations in the Complaint. However, for purposes of removal, Defendant will assume that average shifts were only eight hours long (in which case, Plaintiff and the putative class would not even be entitled to overtime).

59. Thus, according to Plaintiff's allegations that Defendant failed to pay all wages due at termination, Plaintiff contends that former putative class members are entitled to recover at least **$4,148,364.00**, calculated as follows: $28.57 [average of most recent non-exempt hourly rates of non-exempt California employees whose employment with Defendant ended between November 23, 2020 and January 24, 2023] x 8 [eight-hour work day] x 30 days [waiting time penalty] x 605 [number of employees terminated between November 23, 2020 and January 24,

UNITED RENTALS (NORTH AMERICA), INC.'S
NOTICE OF REMOVAL
4858-1727-4440v.7 0110505-000032

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2023 (excluding those who returned and again stopped working for Defendant during this same time period)].  (*See* Oddo Decl., ¶¶ 3, 5.)

### 4.   The Amount In Controversy For Alleged Failure To Provide Accurate Wage Statements Exceeds $7,720,000.00

60.   Plaintiff alleges that Defendant has "knowingly and intentionally," as "a pattern and practice," "failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members," who are entitled to recover up to a maximum of $4,000.00 in penalties.  (*See* Ex. A at ¶¶ 39, 47, 120-129.)

61.   California Labor Code § 226(a) states that every employer shall provide their employees with accurate itemized wage statements in writing, showing nine specific categories of information.  California Labor Code § 226(e) provides for the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each subsequent pay period, up to a maximum of $4,000 per individual.  The applicable statute of limitations is one year.  (Cal. Civ. Proc. Code § 340(a).)

62.   There are 1,930 putative class members during the applicable one-year statute of limitations.  (Oddo Decl., ¶ 6.)  Defendant denies that its wage statements violated California Labor Code § 226.  However, since Plaintiff has pled the statutory maximum penalties available for violations of § 226 ($4,000), courts may consider this maximum penalty to determine whether CAFA's jurisdictional requirement is met.  (*See Korn,* 536 F. Supp. 2d at 1205-06.)

63.   There are 1,930 putative class members during the applicable one-year statute of limitations.  (Oddo Decl., ¶ 6.)  Applying the maximum statutory penalty under California Labor Code § 226(e) of $4,000 for each of these putative class members, the total amount in controversy is **$ 7,720,000.00**: 1,930 [number of putative class members during the applicable one-year statute of limitations] x $4,000 [maximum statutory penalty].  (Oddo Decl., ¶¶ 3, 5.)

### 5. Plaintiff's Request For Attorneys' Fees Will Exceed $12,268,543.80

64. Plaintiff seeks attorneys' fees on behalf of the putative class. (Ex. A at ¶¶ 3, 52, 56, 63, 74, 83, 84, 93, 103, 105, 111, 129, 136, Prayer.) Based on the allegations in the Complaint, attorneys' fees are properly included in the amount in controversy. (*See Guglielmino,* 506 F.3d at 700 (statutorily mandated attorneys' fees are properly included in the amount in controversy for CAFA jurisdiction purposes); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) ("amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious"); *Galt G/S v. JSS Scandinavia* 142 F.3d 1150, 1155-56 (9th Cir. 1998).)

65. A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. (*Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA").) The Ninth Circuit has held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." (*Chavez v. JPMorgan Chase & Co.*, 888 F. 3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious").)

66. In class action litigation, courts routinely grant attorneys' fees awards that range from 25% to 33% of the settlement or verdict amount. (*See, e.g., Velazquez v. Int'l Marine & Indus. Applicators, LLC*, No. 16-cv-494-MMA (NLS), 2018 WL 828199 at *8-9 (S.D. Cal. Feb. 9, 2018); *Espinosa v. Cal. Coll. of San*

*Diego, Inc.*, No. 17-cv-744-MMA (BLM), 2018 WL 1705955 at *9 (S.D. Cal. April 9, 2018) (noting "[t]he Ninth Circuit has held that 25% of the gross settlement amount is the benchmark for attorneys' fees awarded under the percentage-of-the-fund method.").)

67.     Accordingly, including attorneys' fees of 25% of the amount in controversy based on the Complaint is reasonable when calculating the total amount in controversy for CAFA purposes.  (*See, e.g., Giannini v. Nw. Mut. Life Ins. Co.*, No. C 12-77, 2012 WL 1535196, at *4 (N.D. Cal. April 30, 2012) (holding that defendants' inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendants "base this amount by multiplying by twenty-five percent the sum of the amounts placed in controversy by the four claims" asserted by plaintiff); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *6-7 (N.D. Cal. March 1, 2012) (holding that "it [was] not unreasonable for [defendant] to rely on" an "assumption about the attorneys' fees recovery as a percentage of the total amount in controversy" and noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees'") (*quoting Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir.1998)).)

68.     Here, 25% percent of the alleged damages calculated above ($49,074,175.00) results in attorneys' fees of approximately **$12,268,543.80.**

### 6.     Summary Of Amount In Controversy

69.     In summary, Plaintiff's claimed meal period violations (at least **$14,309,927.30**), claimed rest period violations (at least **$14,309,927.30**), claims for overtime and minimum wage violations (at least **$8,585,956.40**), claim for wage statement penalties (at least **$4,148,364.00**), claim for waiting time penalties (at least **$7,720,000.00**), and claim for attorneys' fees (at least **$12,268,543.80**), together place more than **$61,342,718.80** in controversy.  These claims easily satisfy the amount in controversy requirement.  (*See Guglielmino*, 506 F.3d at 700-

01 (remand denied under preponderance of the evidence standard where defendant's conservative estimates exceeded requisite amount); *Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM (JMA), 2008 WL 4104475, at *1 (S.D. Cal. Sept. 2, 2008) (amount in controversy satisfied under preponderance of the evidence standard where estimated class size multiplied by statutory penalty for alleged violations exceeded $5 million); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 995-96 (9th Cir. 2022) (reversing district court's order to remand a class action to California state court and determining that the $5 million amount in controversy requirement of CAFA was met; holding that it was error for district court determining amount in controversy under CAFA to assign zero amounts to employer's claims simply because it disagreed with employer's underlying assumptions).)

70.     These amounts do not account for additional relief that Plaintiff seeks. For Plaintiff's fifth cause of action, he seeks damages for violation of Labor Code § 204 for wages not timely paid during employment.  Additionally, for his seventh cause of action, Plaintiff seeks reimbursement for business expenses.  Finally, for his eighth cause of action, Plaintiff seeks damages for unpaid reporting time pay.

71.     Accordingly, removal of this action under CAFA is proper under 28 U.S.C. § 1332(d).

## V.     THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

72.     In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending.  The Stanislaus County Superior Court is located within the Eastern District of California.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  (28 U.S.C. §§ 1391, 1441(a).)

UNITED RENTALS (NORTH AMERICA), INC.'S
NOTICE OF REMOVAL
4858-1727-4440v.7 0110505-000032

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

73.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached as Exhibits to this Notice.  (*See* Capell Decl. ¶¶ 2-7, Exs. A-F.)

74.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Stanislaus.  Notice of Compliance shall be filed promptly afterward with this Court.

75.     As required by Federal Rule of Civil Procedure 7.1, Defendant concurrently filed its Corporate Disclosure Statement.

## VI.   CONCLUSION

For the foregoing reasons, Defendant hereby removes the above-entitled action to the United States District Court for the Eastern District of California.

DATED: February 2, 2023

DAVIS WRIGHT TREMAINE LLP
JULIE M. CAPELL
JAIME D. WALTER
ARIELLE J. SPINNER

By: _____
Julie M. Capell

Attorneys for Defendant
UNITED RENTALS (NORTH
AMERICA), INC.